

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| JUAN  HERNANDEZ, *et al* | § | CASE NO: 18-33200 |
| Debtor(s) | § | |
| | § | CHAPTER  7 |

## MEMORANDUM OPINION

Juan and Maria Hernandez filed for chapter 7 bankruptcy on June 11, 2018.  U.S. Bank N.A., as trustee for the LSF8 Master Participation Trust, filed a Motion for Relief from the Stay, claiming ownership of property located at 1805 East Avenue, Katy, Texas 77493 (the "Property").  The Court held a hearing on August 16, 2018, in which Juan Hernandez appeared to oppose U.S. Bank's Motion.  Mr. Hernandez is not represented by counsel.  He alleges that U.S. Bank is not the rightful of the owner of the Property, because Mr. Hernandez did not own the Property at the time the Home Equity Note with Town and Country Credit Corp. was executed.  As evidence of his claim, Mr. Hernandez presented the original Warranty Deed with Vendor's Lien, which was executed on February 19, 2004.

Juan and Maria Hernandez were the legal owners of the Property at the time the Home Equity Note was executed.  As such, U.S. Bank's Motion to Lift the Stay is granted.

## Background[1]

On February 19, 2004, Juan and Maria Hernandez executed a Warranty Deed with Vendor's Lien that purportedly conveyed the Property to Jerry L. House.  Juan and Maria Hernandez also executed a Texas Home Equity Note ("Note") in the amount of $146,600.00 originally payable to Town and Country Credit Corp. on February 19, 2004.  (*See* ECF No. 32-

---

[1] A detailed background of the property's chain of title can be found in an opinion issued by the United States District Court for the Southern District of Texas.  (*See* Case No. 4:15-CV-1718, ECF No. 79).  This Opinion will only discuss facts relevant to the issue presently before the Court.

3).  Concurrent with the execution of the Note, Juan and Maria Hernandez executed a Texas Home Equity Security Instrument ("Deed of Trust"), securing the Note.  (*See* Exhibit C).  There were various subsequent assignments of the Note and Deed of Trust.  (*See* Case No. 4:15-CV-1718, ECF No. 79 at 2–3).

On October 23, 2007, a Correction Warranty Deed with Vendor's lien was executed and signed by Juan and Maria Hernandez and Jerry L. House.  (*See* ECF No. 32-2).  The Corrected Warranty Deed noted that there had been a mistaken reversal of the "grantors and grantees" in the previously executed Warranty Deed, and was intended to act as a substitute for the previous deed.  (ECF No. 32-2 at 3).

On June 1, 2010, Juan and Maria Hernandez defaulted on their obligations under the Loan by failing to pay their monthly installments.  (Case No. 4:15-CV-1718, ECF No. 79 at 2).  On January 3, 2011, Household Finance Corporation III ("HFC"), the Noteholder at the time, filed an Application for Order for Foreclosure.  (Case No. 4:15-CV-1718, ECF No. 79 at 2).  On May 11, 2012, the 215th Judicial District Court of Harris County entered an Order authorizing HFC to proceed with the foreclosure of the property.  (Case No. 4:15-CV-1718, ECF No. 79 at 2).

On October 30, 2013, Juan and Maria Hernandez were notified that the Loan was sold to LSF8 Master Participation Trust, and that Caliber Home Loan, Inc. was the loan's servicer. (Case No. 4:15-CV-1718, ECF No. 79 at 2–3).  HFC subsequently assigned the Loan to U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust on February 5, 2014.  (Case No. 4:15-CV-1718, ECF No. 79 at 3).

On February 2, 2015, U.S. Bank appointed Jeff Leva as the substitute trustee on the Loan by filing an Appointment of Substitute Trustee (and Acceleration of Maturity).  (Case No. 4:15-

CV-1718, ECF No. 79 at 3). The substitute trustee foreclosed on the Property on March 3, 2015 as evidenced by the Substitute Trustee's Deed. (*See* Exhibit A). U.S. Bank purchased the Property at the foreclosure sale.

## Procedural History

On March 24, 2015, after an unsuccessful Notice to Vacate, U.S. Bank initiated eviction proceedings against Juan and Maria Hernandez. (Case No. 4:15-CV-1718, ECF No. 79 at 4). The Harris County Justice Court, Precinct 5, Place 2 awarded U.S. Bank a judgment for possession of the Property on May 6, 2014. (Case No. 4:15-CV-1718, ECF No. 79 at 4). Juan and Maria Hernandez appealed.

On June 2, 2015, the County Court affirmed and entered a Final Judgment, finding that U.S. Bank was entitled to immediate possession of the Property. (Case No. 4:15-CV-1718, ECF No. 79 at 4). This led Juan and Maria Hernandez to seek a temporary restraining order and injunction in the 133rd Judicial District Court of Harris County on June 8, 2015. That state court action was later removed by U.S. Bank and Caliber Home Loans to the District Court for the Southern District of Texas. (Case No. 4:15-CV-1718, ECF No. 1). On September 23, 2016, the District Court held, in relevant part, that U.S. Bank was the proper holder of both the Note and Deed of Trust and granted U.S. Bank's Motion for Summary Judgment. (Case No. 4:15-CV-1718, ECF No. 79 at 7, 13). The case was remanded back to state district court on March 6, 2017.

On June 11, 2018, Juan and Maria Hernandez filed a chapter 7 bankruptcy petition, staying U.S. Bank's foreclosure. (*See* ECF No. 1). On June 6, 2018, U.S. Bank N.A., filed a Motion for Relief from the Stay. (*See* ECF No. 23). In its Motion, U.S. Bank claims ownership of the Property and requests relief from the stay in order to secure possession. (ECF No. 23 at

4). U.S. Bank alleges that Juan Hernandez (i) did not own the Property at the commencement of the case; (ii) filed for chapter 7 bankruptcy for the sole purpose of delaying or hindering U.S. Bank's right to claim possession of the Property; and (iii) will continue to file bankruptcy petitions to curtail U.S. Bank's right to the Property. (ECF No. 23 at 4).

On August 16, 2018, the Court held a hearing on U.S. Bank's Motion for Relief from the Stay. At the hearing, Juan Hernandez opposed U.S. Bank's Motion, claiming that U.S. Bank is not the owner of the Property. In support of his argument, Hernandez alleges that he was not the owner of the Property when the Home Equity Note was originally executed. Consequently, Hernandez claims U.S. Bank cannot be the owner of the Property and is not entitled to relief from the stay. At the hearing, the Court asked Mr. Hernandez to provide further evidence of his claim.

On September 7, 2018, Juan Hernandez appeared before the Court with the original Warranty Deed with Vendor's Lien executed on February 19, 2004. Hernandez asserts that the original document serves as evidence that he was not the legal owner of the Property at the time the Home Equity Loan was made.

## Analysis

The validity of a conveyance is a state law question and will be decided in accordance with Texas law. *Cook v. Frazier*, 765 S.W. 2d 546, 550 (Tex. App.—Fort Worth 1989, no writ) ("The validity of an instrument conveying realty is determined by the laws of the jurisdiction in which it is located."). A conveyance of real property must be in writing, signed by the grantor, and delivered to the grantee. TEX. PROP. CODE ANN. § 5.021.

Under Texas Property Code §§ 5.028 and 5.029, the parties to an original transaction, or the parties' heirs, successors, or assigns, may execute a correction instrument to make both

nonmaterial and material corrections to the recorded original instrument of conveyance. A correction instrument recorded prior to September 1, 2011, that substantially complies with § 5.028 or § 5.029, replaces and is a substitute for the original instrument unless a court of competent jurisdiction finds that it does not comply with § 5.028 or § 5.029. *See id*. §§ 5.030(b), 5.031.

On February 19, 2004, Juan and Maria Hernandez and Jerry L. House executed a Warranty Deed with Vendor's Lien. (*See* ECF No. 32-1). The document indicated that the transaction conveyed the Property from Juan and Maria Hernandez "grantor" to Jerry L. House "grantee." (ECF No. 32-1 at 1). In consideration for the conveyance, the grantee supplied the grantor with a promissory note for $150,000.00. The original deed was signed by both Juan and Maria Hernandez, but not by Jerry L. House.[2]

On February 19, 2004, Juan and Maria Hernandez also executed a Note originally payable to Town and Country Credit Corp for $145,600.00. (*See* ECF No. 32-3). Concurrent with the execution of the Note, Juan and Maria Hernandez executed a Deed of Trust, securing the Note. (*See* Exhibit C). There were various subsequent assignments of the Note and Deed of Trust. (*See* Case No. 4:15-CV-1718, ECF No. 79 at 2–3).

On October 23, 2007, a Correction Warranty Deed with Vendor's Lien was executed and recorded. (*See* ECF No. 32–2). The correction instrument indicated that it was made in substitution of the original deed, because "[t]he grantors and grantees were mistakenly reversed in the recorded deed." (ECF No. 32–2 at 3). The Corrected Warranty Deed named Jerry L. House as the grantor and Juan and Maria Hernandez as the grantees. (ECF No. 32–2 at 3). All three parties signed the Corrected Warranty Deed. (ECF No. 32–2 at 3).

---

[2] In addition to the two signatures at the end of the document, at the bottom of each page appear two initials—"J.H." and "M.H." It is not clear whether the first set of initials refer to Juan Hernandez or Jerry L. House.

Neither § 5.028 or § 5.029 explicitly state whether an incorrect listing of a grantee and grantor in an original recorded instrument is a material or nonmaterial change. The court in *AIC Management Co.*, however, provides some guidance. *AIC Management Co. v. AT&T Mobility, LLC*, No. 01–16–00896–CV, 2018 WL 1189865 (Tex. App.—Houston [1st Dist.] Mar. 8, 2018). In *AIC Management Co.*, a correction instrument substituted an entirely different party as a grantee than those listed on the original instrument. *AIC Management Co.*, 2018 WL 1189865, at *7. The court analyzed both § 5.028 and § 5.029. *Id.* It noted that § 5.028, which governs nonmaterial corrections, controls clerical errors "including an addition, correction, or clarification of a party's name, including the spelling of name, or initial, a suffix, an alternate name by which a party is known, or a description of an entity as a corporation, company, or other type of organization . . . ." *Id.* However, the First District Court of Appeals found that because the correction instrument at issue included a substitution rather than a spelling error, it must be analyzed under § 5.029, which governs material corrections. *Id.*

In analyzing the substitution under § 5.029, the court conceded "that section 5.029 does not expressly contemplate a change in a grantee to be a 'material' correction within the statute." *Id.* The court highlighted, however, that § 5.029 uses the term "including," and that "[g]enerally, 'include' and 'including' are terms of enlargement and not of limitation or exclusive enumeration and [their use] does not create a presumption that components not expressed are excluded." *Id.* As such, the court found that substituting a grantee in a correction instrument was a material change which must *substantially* comply with the requirements of § 5.029 to be valid. *Id.* at 8 (emphasis added).

Under § 5.029, a valid correction instrument must be: "(1) executed by each party to the recorded original instrument of conveyance the correction instrument is executed to correct or, if

applicable, a party's heirs, successors, or assigns; and (2) recorded in each county in which the original instrument of conveyance that is being corrected is recorded." PROP. § 5.029(b). Using this provision, the court in *AIC Management Co.* found that the correction deed at issue did not comply with the requirement of § 5.029, because it was neither signed by the grantee in the original instrument nor by its successor or assigns. *AIC Management Co.*, 2018 WL 1189865, at *9.

Here, the Corrected Warranty Deed was executed to correct a mistaken reversal of the grantor's and grantees' names. Unlike the court in *AIC Management Co.*, the parties to the original Warranty Deed are the same parties as those in the Corrected Warranty Deed. The issue before the Court is more closely related to a "clerical error," under which § 5.028 would apply. To be valid under § 5.028, "a person who executes a correction instrument . . . shall: (1) record the instrument and evidence of notice . . . in each county in which the original instrument of conveyance being corrected is recorded; and (2) if the correction instrument is not signed by each party to the recorded original instrument, send a copy of the correction instrument and notice by first class mail, e-mail, or other reasonable means to each party to the original instrument of conveyance and, if applicable, a party's heirs, successors, or assigns." PROP. § 5.028(d).

The Corrected Warranty Deed meets the requirements of both § 5.028 and § 5.029. The Corrected Warranty Deed was signed by Juan and Maria Hernandez and Jerry L. House—the original parties to the Warranty Deed. It was also recorded in the same county in which the original Warranty Deed was recorded—Harris County. Whether the change is material or nonmaterial, the Corrected Warranty Deed complies with both § 5.028 and § 5.029 and is therefore valid.

As a valid correction instrument, the Corrected Warranty Deed replaces and substitutes the original instrument. § 5.030. Accordingly, the Corrected Warranty Deed's effective date is February 19, 2004—the same day the Home Equity Note was made. *Id.* § 5.030(a)(1). Contrary to Hernandez's argument, at the time Juan and Maria Hernandez executed the Note, they were the legal owners of the Property. As such, the Note is valid, and U.S. Bank has possessory rights to the Property.

Accordingly, U.S. Bank's Motion to Lift the Stay is Granted.

### Conclusion

The Court will issue an Order consistent with this Memorandum Opinion.

SIGNED **January 4, 2019.**

                                        Marvin Isgur
                            UNITED STATES BANKRUPTCY JUDGE